## LEATH v. LEATH et al. (No. 9657.)

(Court of Civil Appeals of Texas. Fort Worth. June 4, 1921. Rehearing Denied July 2, 1921.)

**1. Husband and wife ⬅274(4)—Allegations of fraudulent sale of community property held sufficient, though no sale to defraud wife alleged.**

In a suit for partition of community property of plaintiffs' father and deceased mother, plaintiffs were entitled to an accounting by the father for the amount sacrificed by him on a sale of a part of such property, a few days before his wife's death, at a price below its market value, for the purpose of cheating plaintiffs out of their rights therein, though it was not specifically charged that the sale was made for the purpose of defrauding the wife, the allegations of their complaint being substantially to that effect, the jury in answer to special issues having found in their favor on such issue, and that the wife was insane when she joined in such conveyance, and the court having found that the property was sold for $1,995 less than its market value.

**2. Appeal and error ⬅907(3)—Where no statement of facts, judgment presumed sustained by evidence.**

In the absence of a statement of facts, it must be presumed that the judgment, except as to the pleadings and findings of the court and jury, was sustained by the evidence.

**3. Husband and wife ⬅274(4)—No error in awarding partition of community estate and decreeing that defendant, who fraudulently sold part thereof, pay entire indebtedness.**

Where a husband, joined by his insane wife, a few days before her death, conveyed a part of their community property for much less than its market value for the purpose of defrauding their children, there was no fundamental error in awarding a partition on complaint of the latter, and decreeing that the husband pay the entire indebtedness of the estate, in view of further findings that he owed the children, as their half of the community property converted by him, only the balance remaining after crediting him with the amount of such indebtedness, and there was no partition of the homestead, his possession of which was left undisturbed, and no rights of creditors other than the children were affected by the decree.

Appeal from District Court, Clay County; H. F. Weldon, Judge.

Suit by O. B. Leath and others against J. O. Leath. Judgment for plaintiffs, and defendant appeals. Affirmed.

Wantland & Dickey, of Henrietta, and Fitzgerald & Hatchitt, of Wichita Falls, for appellant.

Taylor, Allen & Taylor, of Henrietta, for appellees.

DUNKLIN, J. Plaintiffs, the children of J. O. Leath and his deceased wife, Mrs. Nannie Leath, instituted this suit against their father for a partition of property belonging to the community estate of their father and mother. From a judgment in favor of plaintiffs the defendant has appealed.

In their petition plaintiffs alleged that while their mother was on her death bed and a few days before her death the defendant, knowing that she was about to die, sold a tract of land belonging to the community estate far below its market value, for the fraudulent purpose of thereby cheating plaintiffs out of the rights in said property which plaintiffs would soon inherit from their mother. The amount so sacrificed by said sale was alleged and plaintiffs prayed that defendant be held to an accounting therefor in the partition of the estate so sought.

[1] Although it was not specifically charged that defendant made the sale for the purpose of defrauding his wife, the allegations were substantially to that effect. Accordingly we overrule appellant's assignments of error presenting that objection to the pleading, that there was no allegation of an intention to defraud the wife in the absence of which plaintiffs could not complain.

Furthermore, in answer to special issue, the jury found in plaintiffs' favor on that issue of fraudulent sale; also that Mrs. Nannie Leath was insane at the time she joined with her husband in the conveyance. And the trial judge further found, in effect, that defendant sold the property for $1,995 less than its market value.

[2] The record before us contains no statement of facts, in the absence of which it must be presumed that the judgment in all other respects was sustained by the evidence.

[3] Nor do we perceive any fundamental error in awarding a partition while there was outstanding and unpaid indebtedness against the community estate, and decreeing that defendant Leath should pay the same. According to further findings defendant still owed plaintiffs $1,834.28, as their half of the community property converted by him, after crediting him with the amount of said indebtedness so charged to him, and defendant's possession of the homestead of 200 acres of land being undisturbed, and there being no partition of the homestead. We fail to understand why the equities between the parties could not thus be adjusted, no rights of creditors other than plaintiffs being affected by the decree.

The judgment is affirmed.

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes